**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID JOYNER, ) | Case No.: 2:09-CV-2406-RCJ-RJJ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| BANK OF AMERICA HOME LOANS, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ) | |
| Defendants. ) | |

**INTRODUCTION**

Before the Court is Defendants Bank of America Home Loans, Inc. ("BOA") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (# 7). Plaintiff David Joyner opposes the motion with a timely response in opposition (# 9). Defendants filed an untimely reply (# 13).

The Court has considered the pleadings offered by the parties. Based on the following reasons the Court will GRANT Defendants' Motion to Dismiss (# 7).

**BACKGROUND**

This case is a mortgage foreclosure case brought by Plaintiff. Plaintiff entered a loan agreement on September 24, 2005, with Countrywide Home Loans ("Countrywide"), secured by the property at 694 Baldurn Avenue, Las Vegas, Nevada 89183. (Complaint ¶¶ 1, 8, # 1). The parties executed a Deed of Trust with Plaintiff as "Trustor," MERS as "Beneficiary," and CTC Real Estate Services as the original "Trustee." (*Id.* ¶ 8). Plaintiff alleges that on or around July 2008, the loan was transferred to Bank of America Home Loans, who became the servicer of the loan when it acquired Countrywide. (*Id.*). Attached to Plaintiff's Complaint is the notice of

default sent to Plaintiff when he failed to make his mortgage payments. (*Id.* Ex. A). This notice is dated October 17, 2008. (*Id.*). It is unclear if any other notices of default were sent or if there was a notice of foreclosure and election to sell. Plaintiff does not dispute anywhere in his Complaint or pleadings that he is default or failed to make the payments required by Defendants. Rather, Plaintiff's Complaint alleges claims for: (1) breach of contract; (2) fraud/misrepresentation; (3) civil conspiracy; (4) rescission; (5) wrongful foreclosure; (6) quiet title; and (7) injunctive relief. The bases for these claims are, unfortunately, common to such complaints brought before this Court. They include the following theories, among others: the bank didn't actually lend him any funds, but was an illegal and secret securities transaction; the loan was paid in full when it was securitized; Defendants must produce the original note to Plaintiff; and that the loan was fraudulent due to failure to disclose that it was going to be sold to investors as a security. Each of these ideas has been addressed on multiple occasions by this Court, weighed and found wanting.

**DISCUSSION**

**A.    12(b)(6) Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007). However, facts must be

sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers

1  materials outside of the pleadings, the motion to dismiss is converted into a motion for summary
2  judgment.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.     Analysis**

    **1.     Breach of Contract**

An enforceable contract requires a "manifestation of mutual assent in the form of an offer by one party and acceptance thereof by the other [and] agreement or meeting of the minds of the parties as to all essential elements . . . ."  *Keddie v. Beneficial Ins., Inc.*, 94 Nev. 418, 421, 580 P.2d 955 (1978) (Batjer, C.J., concurring).  A breach of contract requires showing (1) the existence of a valid contract, (2) performance or excuse for non-performance of the contract, (3) breach, and that (4) damages have been sustained as a result of the breach.  *See Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000).

In this case, Plaintiff appears to allege that there was a breach of contract because the loan was securitized.  (Complaint ¶ 11, # 1).  While Plaintiff does say that Defendants "failed to perform in good faith" and "lacked full disclosure necessary to fulfill the obligations set out in the said agreement," there is no concrete allegation of a breach of the contract itself.  This is fatal to Plaintiff's claim.  All of Plaintiff's allegations could be true as to the securitization of the loan yet does not make out any legally articulable breach of contract claim.  Plaintiff fails to identify any particular part of the loan agreement that was allegedly breached and what conduct constituted that breach.  Further, while it is not explicit in Plaintiff's pleadings, it also seems apparent that Plaintiff cannot allege performance on his part; he has not disputed that he is in default on the loan.  Accordingly, dismissal of Plaintiff's claim for breach of contract is appropriate.

    **2.     Fraud/Misrepresentation**

The elements of intentional misrepresentation or common law fraud in Nevada are:

    1.     A false representation made by the defendant;

    2.     Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);
    3.     Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
    4.     Plaintiff's justifiable reliance upon the misrepresentation; and
    5.     Damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). Furthermore, under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). A plaintiff must plead facts such as "he bought a house from defendant, that the defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on a landfill . . . ." *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir 1996) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1995) (en banc)). Under Rule 9(b), a plaintiff must "state with particularity the circumstances constituting the fraud." Fed. R. Civ. Pro. 9(b). This has been construed to require a plaintiff to "state precisely the time, place and nature of the misleading statements, misrepresentations and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *cert. denied*, 516 U.S. 810 (1995). The plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

    In the present case, Plaintiff's allegations are generalized claims of fraud, rather than allegations of specific fraudulent representations. Again part of Plaintiff's claim, securitization of the loan is the first allegedly fraudulent misrepresentation made to Plaintiff. Other claims are patently untrue at worst, highly implausible at best, such as the claim that Countrywide did not fund the loan. The only claims of misrepresentation that could possibly state a valid claim are the allegations that Defendants utilized fraudulently inflated appraisals and that Defendants underreported the annual percentage rate. However, these are not pled with the specificity required under Rule 9. Further, it is clear from the 10-page digression of general allegations against Countrywide contained in Plaintiff's response in opposition, that these allegations are

more than likely generalized accusations rather than plausible claims of fraud in this specific case.

As Plaintiff has failed to state a legally cognizable claim for fraud under Rule 9, dismissal without prejudice is appropriate.

### 3.     Civil Conspiracy

A civil conspiracy is "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Federal Savings & Loan Assoc.*, 663 P.2d 610, 622 (Nev. 1983).  An "act in furtherance of the conspiracy [must] constitute an actionable tort. *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 & n.1 (Nev. 1980).  Plaintiff's allegations simply fail to make out a claim for conspiracy.

The bases alleged for the conspiracy claim in Plaintiff's complaint are the wrongful foreclosure claim and the securitization of the loan. (Complaint ¶¶ 22–24, # 1).  Plaintiff reiterates in his response in opposition that it is the securitization of the loans that demonstrates a significant fraud on him that constitutes civil fraud. (Opp. at 15:28–16:16, # 9).  Plaintiff claims "Countrywide allowed the undisclosed third parties to make enormous sums of unreported income, from which no taxes were paid, and from which Defendant profited, all to the damage of Plaintiff." (*Id.* at 16:9–11).  However, this amounts to nothing more than the claim of "the-defendant-unlawfully-harmed-me," which was rejected as a sufficient claim in *Iqbal*, 129 S. Ct. at 1249 (quoting *Tombly*, 550 U.S. at 555).  Plaintiff has not alleged any specific harm suffered by the securitization of the loan, nor can he.  His claim of harm appears to be a generalized harm suffered by many of those in the housing market—a fall in values of the homes purchased, and escalating costs, usually due to adjustable rate mortgages entered into by homeowners.

Further, it does not appear that Plaintiff can allege that he was harmed by a conspiracy to overvalue his property in the appraisal of the property.  Even if he did make such an allegation, it

is extremely speculative at best.  Plaintiff does not appear to have any knowledge or even suspicion specific to these particular Defendants as it relates to his particular loan.  Rather, his claims seem to be made upon suspicion of Countrywide's practices as a whole.  In sum, Plaintiff fails to allege a claim for civil conspiracy and his claim must be dismissed.

### 4. Rescission

As noted by Defendants, rescission is not a claim, but rather a remedy.  *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 113 Nev. 346, 353–54, 934 P.2d 257 (1997).  "A party to a contract may seek a rescission of that contract based on fraud in the inducement."  *Awada v. Suffle Master, Inc.*, 123 Nev. 613, 622, 173 P.3d 707 (2007).  Additionally, rescission may be sought on the basis of non-performance.  *Id.*  Fraud in the inducement appears to be the basis alleged by Plaintiff.  Fraud was addressed above, and Plaintiff has failed to make out a legally cognizable claim.  Similarly, his attempts at seeking rescission must also be rejected for failure to state a claim.  Moreover, as noted in the discussion of breach of contract, Plaintiff has failed to allege the non-performance of any contractual requirement that would provide a basis for rescission on the grounds of non-performance.

### 5. Wrongful Foreclosure

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale."  *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610 (1983).  "Therefore, the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised."  *Id.*  Further, Nevada Revised Statute § 107.080 provides the specific procedures governing non-judicial foreclosure actions.  The statute confers a power of sale upon the a

trustee, a designee of the trustee, or a beneficiary. *Id.* § 107.080(2). Implied is the requirement that the foreclosing party have authority to foreclose.

Plaintiff claims wrongful foreclosure on the following: (1) fraud or misrepresentation, as it applies to the loan transaction; (2) breach of contract, due to the alleged securitization of the loan; (3) deceptive trade practices under Nevada Revised Statutes §§ 598.0915, 598.092, and 598.0923; (4) "misapplied payments," which Plaintiff claims is the result of BOA as servicer being paid a portion of Plaintiff's monthly payments; (5) "improper accounting," which Plaintiff claims is a result of BOA providing fraudulent statements of the amount owed by Plaintiff because the statements don't show where Plaintiff's payments "actually went"; (6) no authority to foreclose, based on a failure to possess both the note and mortgage together; and (7) emotional distress, through the threat of foreclosure. (Complaint ¶ 36, # 1). The only one of these allegation that might properly be a basis for wrongful foreclosure is lack of authority to foreclose. But the Court need not even address this, as Plaintiff has failed to demonstrate that there was no breach of a condition on his part. In fact, Plaintiff never denies that he is in default.

Insofar as the merits of Plaintiff's claim are concerned, this Court has addressed similar allegations on multiple occasions. "[S]o long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is simply no defect in foreclosure, at least in states such as Nevada where a trustee may foreclose non-judicially." *Gomez v. Countrywide Bank, FSB*, 2:90-cv-01489, 2009 WL 3617650 at *2 (D. Nev. Oct. 26, 2009). This Court rejects the notion, as it has previously, that "transfer of a promissory note causes prior security instruments to auto-nullify unless re-executed." *Id.* at *3. Further, so long as the foreclosing party is granted permission under Nevada Revised Statute § 108.080, there is no defect in foreclosure, insofar as the foreclosing party is concerned. Plaintiffs allegations fail to make out a sufficient claim alleging that wrongful foreclosure occurred and thus dismissal is necessary.

**6.      Quiet Title**

Quiet title action is the proper method by which to adjudicate disputed ownership of real property rights. *See Howell v. Ricci*, 197 P.3d 1044, 1046 n.1 (Nev. 2008). Though not properly a cause of action, an action to quiet title is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *MacDonald v. Krause*, 77 Nev. 312, 317–18, 362 P.2d 724 (Nev. 1961). While not addressed by the Nevada Supreme Court, a widely accepted rule in such actions is that the party must tender the undisputed amount due and owing to challenge the validity of a sale or title to the property. *See, e.g.*, *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). In essence, under the Tender Rule, he who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873). This was clearly a factor to the Nevada Supreme Court when it ruled in a favor of a party challenging a sale on their property due to past due taxes. *Provenzano v. Clark County*, 73 Nev. 348, 353 (1957) ("Plaintiff's action was to quiet title to the property involved, accompanied by a tender to pay all taxes.").

Plaintiff has not tendered the amount owed on the loan. Rather, he argues that BOA received the full amount of the loan when it securitized the loan and therefore Plaintiff has no further obligations under the loan. This argument is completely without merit. Plaintiff has failed to plausibly allege that Defendants lack the statutory ability to foreclose on Plaintiff under Nevada Revised Statute § 107.080. Further, Plaintiff has not alleged that he is not in breach of the loan agreement. As such, Plaintiff's claim for quiet title should be dismissed for failure to state a claim for which relief may be granted.

**7.      Injunctive Relief**

Plaintiff also seeks injunctive relief on the grounds that he sent a Qualified Written Request under 12 U.S.C. § 2605. This statute requires loan servicers to respond to such requests. Plaintiff makes the claim that since he has invoked the authority of the Real Estate Settlement

Procedures Act, he may be issued a stay of any foreclosure proceeding until "questions of major importance are answered." (Complaint ¶ 50, # 1). Plaintiff fails to provide any basis in the law, however, to support his request for injunctive relief.

Insofar as Plaintiff seeks injunctive relief in the traditional means, Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party. The Ninth Circuit employs two sets of criteria for evaluating a request for preliminary injunctive relief. Under the "traditional test," the movant must establish: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (citation omitted). As to the second element, the Supreme Court recently clarified that a plaintiff seeking an injunction must demonstrate that irreparable harm is likely, not just possible. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 375–76 (2008). Under the "alternative test," the plaintiff can meet its burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Beardslee*, 395 F.3d at 1067 (citation and internal quotation marks omitted). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Id.* (citations omitted).

In the present case, all of Plaintiff's claims should be dismissed, so the likelihood of success factor weighs heavily against injunctive relief. The risk of irreparable harm is significant, as Plaintiff is at risk of being evicted, but given that this risk is not coupled with a likelihood of success on the merits, this should not be too significant to the Court's consideration. The balance of hardships and public policy considerations are negligble as there is a strong public policy in favor of not permitting predatory behaviour on the part of banks or loan servicers, but perhaps an equally strong policy of not permitting people such as Plaintiff to

merely delay their foreclosure, when they have essentially lived rent or mortgage free for well over a year.  In sum, the failure on the part of Plaintiff to adequately plead proper claims for relief is fatal to his request for injunctive relief.

## CONCLUSION

The Court has considered the pleadings and arguments of all parties.

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (#7) is GRANTED. Plaintiff's claim for fraud/misrepresentation is dismissed without prejudice.  All of Plaintiff's remaining claims are dismissed with prejudice.

DATED this 26th day of July, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE